IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHIU YUEN TO, on behalf of himself and all similarly situated persons, | )<br>)<br>) |
| PLAINTIFF, | ) |
| v. | )<br>) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., | ) Case No. _____<br>)<br>) |
| DEFENDANTS. | ) CLASS ACTION |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and 1367, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") hereby removes this civil action from the Circuit Court of Shelby County, Tennessee to the United States District Court for the Western District of Tennessee, Western Division. Removal is proper because this is a putative class action that satisfies all of the jurisdictional requirements of the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d).

**I.   BACKGROUND**

1.   Plaintiff Chiu Yuen To commenced this putative class action, *Chiu Yuen To v. State Farm Mutual Automobile Insurance Company, et al.*, Case No. CT-4506-21, by filing an individual and class action complaint on November 9, 2021, in the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis (the "State Court Action"). On November 19, 2021, Plaintiff filed a First Amended Complaint ("Complaint"). In his Complaint, Plaintiff alleges that State Farm improperly "assessed [him] a $500 deductible in contravention

of its insuring agreement and applicable Uninsured Motorist statutes," and Plaintiff further alleges that State Farm improperly "refused to pay compensatory damages for full loss of use in contravention of" Tennessee law. Complaint, ¶ 3; *see also* Initial Complaint, ¶ 3. Plaintiff brings counts for breach of contract, breach of the implied duty of good faith and fair dealing, conversion, declaratory judgment, and injunctive relief against State Farm on behalf of himself and a putative class and seeks compensatory damages in excess of $5,000,000 in the aggregate, pre- and post-judgment interest, and costs. Plaintiff also brings a claim of negligence against Defendant Roger Tyler.

2.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint served upon State Farm in the State Court Action is attached to this Notice as <u>Exhibit A</u>. All other pleadings, filings, and order from the State Court Action are attached hereto as <u>Exhibit B</u>. All of the requirements for removal under CAFA are met.

## II.    REMOVAL IS PROPER PURSUANT TO CAFA

3.    Congress passed CAFA in February 2005 to "expand substantially federal court jurisdiction over class actions." 28 U.S.C. § 1453. Courts should read CAFA's provisions broadly, with "a strong preference" that federal courts hear interstate class actions, if properly removed. *See* S. Rep. 109-14 at 43 (2005). Congress passed CAFA with the intent "that the named plaintiff(s) should bear the burden of demonstrating that a case should be remanded to state court." *Id.*; *see also* H. Rep. No. 108-144, at 37-39 (2003); H. Rep. No. 109-7 (2005). CAFA "was enacted to broaden the availability of diversity-jurisdiction for class-action suits." *Davenport v. Lockwood, Andrews & Newnam, Inc.*, 854 F.3d 905, 910 (6th Cir. 2017). "CAFA was not to be read narrowly, but as a broad grant of jurisdiction in interstate class actions." *Id*. Indeed, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to

facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

4. Under CAFA, if the number of putative class members in the Complaint exceeds 100, this Court has original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … any member of the plaintiff class is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see Evans v. AMISUB (SFH), Inc.*, No. 17-cv-2528-JPM-tmp, 2017 WL 9807437, at *1 (W.D. Tenn. Dec. 8, 2017) (CAFA "vests the federal district courts with original diversity jurisdiction over class actions where the amount in controversy exceeds $5,000,000 and where there is diversity of citizenship between any member of the plaintiff class and any defendant").

5. A defendant invoking the jurisdiction of the federal court bears the burden of establishing federal jurisdiction.[1]  *Smith v. Nationwide Prop. & Cas. Ins Co.*, 505 F.3d 401, 404 (6th Cir. 2007). In support of removal, a defendant may rely on the plaintiff's allegations, which are assumed to be true. *Pate v. Huntington Nat. Bank*, No. 5:12CV1044, 2013 WL 557195, at *4 (N.D. Ohio Feb. 12, 2013) ("In a suit instituted in a state court and thence removed, plaintiffs' claim of damages exceeding the federal amount in controversy is presumed correct unless shown to a legal certainty that the amount is actually less than the federal standard." (citation omitted)); *see Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 946 (8th Cir. 2012) (holding defendants

---

[1] "[A]fter general CAFA jurisdiction has been established, the burden shifts to the party objecting to federal jurisdiction to show an exception to CAFA." *Meiman v. Kenton Cnty., Ky.*, No. 10–156–DLB, 2011 WL 350465, at *4 (E.D. Ky. Feb. 2, 2011). Thus, a "plaintiff[], the party seeking remand, ha[s] the burden of demonstrating that one of CAFA's exceptions appl[y]." *Id*. In the event Plaintiff attempts to remand this action, Plaintiff cannot show by a preponderance of the evidence that any CAFA exceptions apply.

established CAFA amount-in-controversy requirement based on "the face of the complaint alone").

   6. All of CAFA's jurisdictional requirements are met in this action.

   **A.** **The State Court Action is a class action defined by CAFA.**

   7. CAFA defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure."  28 U.S.C. § 1332(d)(1)(B).  The State Court Action is a class action under this definition because Plaintiff seeks certification of a class under Tennessee Rules of Civil Procedure 23.01 and 23.02, which are the Tennessee rules governing class actions that are analogous to Federal Rule of Civil Procedure 23.  *See* Complaint, ¶ 33; *see also* Initial Complaint, ¶ 34.  The fact that the State Court Action has not been certified as a class does not change this result.  CAFA applies to "any class action before or after the entry of a class certification order by the court with respect to that action."  28 U.S.C. § 1332(d)(8).

   **B.** **There is minimal diversity among the parties.**

   8. The diversity of citizenship required by CAFA exists here because Plaintiff is a citizen of Michigan and at least one of the defendants is not.  Diversity exists under CAFA when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A). Thus, only minimal diversity is required.  *Pate*, 2013 WL 557195, at *3 (CAFA confers federal jurisdiction over class actions where there is minimal diversity).

   9. At the time the action was filed, at the time the Complaint was filed, and at the time of this removal, Plaintiff is a Michigan citizen.[2]  Complaint, ¶ 5; *see also* Initial Complaint, ¶ 5.

---

[2] Plaintiff alleges he is a "resident citizen of Michigan."  Complaint, ¶ 5; *see also* Initial Complaint, ¶ 5. Under Sixth Circuit case law, there is a presumption that Plaintiff is a citizen of the State of Michigan.

10. State Farm is neither incorporated nor has its principal place of business in Michigan (nor Tennessee). Instead, at the time the action was initially filed, at the time the Complaint was filed, and at the time of this removal, State Farm is a mutual insurance company organized in and under the laws of Illinois, and maintains its principal place of business in Illinois. *See* Declaration of M. Roper, attached hereto as Exhibit C. State Farm is therefore a citizen of Illinois for purposes of federal jurisdiction. *See* 28 U.S.C. § 1332(c)(1) (for purposes of diversity jurisdiction, a corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

11. Moreover, at the time the action was initially filed, at the time the Complaint was filed, and at the time of this removal, Defendant Tyler is a citizen of Tennessee, where this action is brought. *See* Complaint, ¶ 6; *see also* Initial Complaint, ¶ 6.

12. Because Plaintiff's citizenship differs from that of at least one defendant (specifically, because Plaintiff is a citizen of the State of Michigan and State Farm is a citizen of the State of Illinois), CAFA's minimal diversity requirements are easily satisfied.

**C.   The proposed class is comprised of more than 100 members.**

13. Plaintiff affirmatively asserts that the putative class size he seeks to represent would "vastly exceed 1,000 in number." Complaint, ¶ 36; *see also* Initial Complaint, ¶ 37. Plaintiff's allegation alone satisfies CAFA's 100-person minimum class-size threshold. *See Kendrick v. Standard Fire Ins. Co.*, No. 06–141–DLB, 2007 WL 1035018, at *2 (E.D. Ky. Mar. 31, 2007) (class size allegations are presumed to be made in good faith and sufficient to establish CAFA jurisdiction).

14. In fact, thousands of individuals are likely encompassed by Plaintiff's class definitions. As an initial matter, the proposed definitions do not contain any temporal restriction. Moreover, applying a five-year limitation[3] to Plaintiff's proposed classes yields a number of potential claims that demonstrates the jurisdictional threshold is clearly satisfied. *See* Declaration of D. Vinciguerra, attached hereto as <u>Exhibit D</u>.

**D.     This action places more than $5 million in controversy.**

15. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Although Plaintiff has failed to state any viable claims for liability or damages against State Farm, it is demonstrably evident that Plaintiff's proposed class claims in this action place more than $5 million in controversy.

16. When determining the amount in controversy, "[i]t is not incumbent upon a defendant to establish to a legal certainty that the amount in controversy exceeds the jurisdictional threshold." *Cowit v. CitiMortgage*, No. 1:12–cv–869, 2013 WL 142893, at *5 (S.D. Ohio Jan. 11, 2013). Rather, a defendant need only show "it is more likely than not" that the amount in controversy requirement is met. *Id.* "The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties." *Id.*; *see also id.* at *5 n.4 (removing party's burden of describing how the controversy exceeds $5 million is a pleading requirement, not a demand for proof). Doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. *Appert v.*

---

[3] Plaintiff's initial complaint alleged a five-year limitation period, that is, "[f]rom November 9, 2016 to present…." Initial Complaint, ¶ 34. Moreover, Plaintiff's Complaint itself ostensibly assumes a five-year statute of limitations, supporting its numerosity allegations with a reference to State Farm's insureds "[b]etween 2016 and 2021." Complaint, ¶ 36.

*Morgan Stanley Dean Witter*, 673 F.3d 609, 618 (7th Cir. 2012) (CAFA was enacted to "grant[] broad federal jurisdiction over class actions"); *cf. Dart*, 574 U.S. at 89.

17. Again, Plaintiff affirmatively alleges an amount in controversy in excess of $5 million. In the Prayer for Relief, Plaintiff requests the Court "[a]ward each class members compensatory damages who has suffered same, in an aggregate amount in excess of Five Million Dollars ($5,000,000.00)." Complaint, Prayer for Relief, ¶ 6. Thus, CAFA's $5 million amount-in-controversy requirement is satisfied here. *Pate*, 2013 WL 557195, at *4.

18. In addition, based on the Plaintiff's proposed classes as defined in the Complaint, the large number of potential claimants further confirms the amount-in-controversy requirement is satisfied, particularly in light of the damages Plaintiff claims he is owed individually. *See* Exhibit D; Complaint, ¶¶ 29, 30; *see also* Initial Complaint, ¶¶ 29, 30.

### E. There is supplemental jurisdiction over the non-class claim.

19. Under 28 U.S.C. § 1367, this Court shall have supplemental jurisdiction over all claims in this action, including the individual claim contained therein. 28 U.S.C. § 1367; *see also Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005); *F5 Capital v. Pappas*, 856 F.3d 61, 82 (2nd Cir. 2017).

### III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

20. Venue is proper in this Court pursuant to 28 U.S.C. §§ 83(a)(2) and 1441(a) because the United States District Court for the Western District of Tennessee, Western Division, is the federal judicial district embracing the Circuit Court of Shelby County, Tennessee, where this action was originally filed.

21. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of service of the Complaint and summons upon State Farm in the State Court Action. State Farm's

registered agent was served with process on January 12, 2022. *See* Exhibit E. Accordingly, this Notice of Removal is filed within thirty days of such service and is timely under 28 U.S.C. § 1446(b).

22. Concurrent with the filing of this Notice, State Farm is serving this Notice on Plaintiff's counsel and filing a copy of the Notice with the Clerk of the Circuit Court of Shelby County, Tennessee, consistent with 28 U.S.C. § 1446(d).

23. CAFA separately authorizes the removal of class actions to federal court without regard to whether any defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1453(b). Further, the consent of all defendants to removal under CAFA is not required. *Id.*

24. The time for State Farm to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

### IV. NOTHING IN THIS NOTICE OF REMOVAL CONSTITUTES AN ADMISSION BY STATE FARM AS TO DAMAGES OR LIABILITY

25. Nothing in this Notice of Removal should be construed as an admission of liability by State Farm or as a concession that Plaintiff can recover a certain amount or nature of damages. As a matter of law, the "fact that [a] Defendant removed [a] case [under CAFA] does not mean that [the] Defendant concedes that [the] Plaintiff has adequately alleged appropriate damages." *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) (citation omitted). It follows that "[t]his Court's exercise of subject matter jurisdiction over Plaintiff['s] claims does not automatically imply that Plaintiff has stated a claim upon which the Court can grant relief." *Id.* (granting motion to dismiss after granting removal under CAFA because plaintiff could not show an injury).

26. Here, State Farm is simply identifying the putative class size (which exceeds 100 members), and the amounts in controversy (which exceed CAFA's threshold of $5 million), but

it in no way admits that it has an obligation to pay any such moneys to Plaintiff or the putative class. Nor does it admit in any way that it is liable for any of the claims alleged by Plaintiff.

27.  By filing a Notice of Removal in this matter, State Farm does not waive its rights to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and State Farm specifically reserves its rights to assert any defense and/or objections to which it may be entitled.

## V. CONCLUSION

28.  As shown above, this case is removable to federal court based on diversity jurisdiction under CAFA. Plaintiff's putative class action satisfies all the jurisdictional requirements under CAFA because the proposed classes consist of 100 or more members, the parties are minimally diverse, and the amount in controversy exceeds $5 million, exclusive of interest and costs. Because the CAFA jurisdictional requirements are all met, this case is properly removable to this Court under 28 U.S.C. § 1332(d).

WHEREFORE, Notice is given that this action is removed from the Circuit Court of Shelby County, Tennessee to the United States District Court for the Western District of Tennessee.

Dated: January 18, 2022

>Respectfully submitted,
>
>BAKER, DONELSON, BEARMAN,
> CALDWELL & BERKOWITZ, PC
>
>s/ Mary Wu Tullis
>_____
>Mary Wu Tullis (#31339)
>165 Madison Avenue, Suite 2000
>Memphis, Tennessee  38103
>Telephone: (901) 526-2000
>mtullis@bakerdonelson.com

DOWD BENNETT LLP

James F. Bennett (*pro hac application forthcoming*)
Michael J. Kuhn (*pro hac application forthcoming*)
Russell Jackson (*pro hac application forthcoming*)
7733 Forsyth Boulevard, Suite 1900
St. Louis, Missouri 63105
Telephone: (314) 889-7300
jbennett@dowdbennett.com
mkuhn@dowdbennett.com
rjackson@dowdbennett.com

*Counsel for Defendant State Farm*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record, via U.S. mail and electronic mail, on the 18th day of January 2022 upon:

Paul C. Peel
Farris Bobango Branan PLC
999 S. Shady Grove Road, Suite 500
Memphis, Tennessee 38120
ppeel@farris-law.com

Kim Stephens
Rebecca Solomon
Tousley Brain Stephens PLLC
1700 7th Avenue, Suite 2200
Seattle, Washington 98101
kstephens@tousley.com
rsolomon@tousley.com

s/ Mary Wu Tullis